CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
200 Park Avenue – 17th Floor
New York, NY 10166
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FILADELFO RODRIGUEZ,                          :    Case No. 22-CV-500
                                              :
                    Plaintiff,                :    **FLSA COMPLAINT**
                                              :
    -against-                                 :
                                              :
EDEN ROSE, CORP. d/b/a EDEN FLOWERS,          :    Jury Trial Demanded
ISAAC SHALOMOV, and ALEXANDER                 :
SHALOMOV,                                     :
                                              :
                    Defendants.               :
------------------------------------------------------------X

Plaintiff FILADELFO RODRIGUEZ (hereinafter, "Plaintiff"), by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against defendants EDEN ROSE, CORP. d/b/a EDEN FLOWERS ("EDEN ROSE, CORP."), ISAAC SHALOMOV, and ALEXANDER SHALOMOV (the "Individual Defendants") (EDEN ROSE, CORP. and the Individual Defendants are collectively referred to herein as the "Defendants"), and states as follows:

## INTRODUCTION

1.  Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), he is entitled to recover from Defendants:

(a) unpaid overtime compensation, (b) liquidated damages, (c) prejudgment and post-judgment interest, and (d) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c) unpaid "spread of hours" premium for each day that his work shift exceeded ten (10) hours, (d) liquidated and statutory damages, (e) prejudgment and post-judgment interest, and (f) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff is a resident of Bronx County, New York.

6. Defendant, EDEN ROSE, CORP., is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 5104 16th Avenue, Brooklyn, New York 11204.

7. Defendant, EDEN ROSE, CORP., owns and operates a flower shop, doing business as Eden Flowers, located at 5104 16th Avenue, Brooklyn, New York 11204 (the "Flower Shop").

8. The Individual Defendants and are joint owners, officers, directors, managers, supervisors, and proprietors of EDEN ROSE, CORP., who participate in the day-to-day operation of the Flower Shop, and acted intentionally and maliciously and are employers pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and are jointly and severally liable with EDEN ROSE, CORP.

9. The Individual Defendants exercised control over the terms and conditions of Plaintiff's employment in that they have the power to and do in fact: (i) hire and fire employees, (ii) determine and approve rates and methods of pay, (iii) determine and approve employee work schedules, (iv) supervise and control the work of the employees, and (v) create and maintain employment records.

10. Within each of the three (3) most recent years relevant to the claims herein, EDEN ROSE, CORP. was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

11. Defendants employed Plaintiff to work at the Flower Shop as a non-exempt floral designer, cashier, customer attendant, and delivery worker from in or about May 2015 through on or about December 24, 2021.

12. The work performed by Plaintiff was directly essential to the business operated by Defendants.

13. Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned minimum wages in direct contravention of the New York Labor Law.

14. Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

15. Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

16. Defendant, ISAAC SHALOMOV actively participates in the day-to-day operation of the Flower Shop. For instance, Mr. Shalomov hires and fires employees, supervises and directs the work of the employees, and instructs the employees how to perform their jobs.

17. The Individual Defendants jointly create and implement all business policies and makes all crucial business decisions, including decisions concerning the number of hours the employees work, the amount of pay that the employees are entitled to receive, and the manner and method by which the employees are to be paid.

18. In or about May 2015, Defendants hired Plaintiff to work at the Flower Shop as a non-exempt floral designer, cashier, customer attendant, and delivery worker.

19. Neither at the time of his hire nor anytime thereafter did Defendants provide Plaintiff with a written wage notice setting forth his regular hourly rate and corresponding overtime rate of pay.

20. Plaintiff worked for Defendants in such capacities until in or about December 24, 2021.

21. Plaintiff worked over forty (40) hours per week.

22. Throughout the relevant six (6) year limitations period beginning in January 2016 and continuing through the remainder of his employment on or about December 24, 2021, Plaintiff worked five (5) days per week, and his work shift consisted of ten (10) hours per day Monday through Thursday from 9:00 a.m. until 7:00 p.m.; and nine (9) to twelve (12) hours on Friday from 9:00 a.m. until either 4:00 p.m., 5:00 p.m. or 7:00 p.m. (dependent on commencement of the Sabbath).

23. Plaintiff was not required to punch a time clock or other time-recording device at the beginning or end of his work shift.

24. During the relevant six (6) year limitations period beginning in January 2016 and continuing through in or about December 2016, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid, in cash, at the rate of $110 per day ($550 per week) straight time for all hours worked and worked between forty-nine (49) and fifty-two (52) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

25. Beginning in or about January 2017 and continuing through in or about December 2017, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid, in cash, at the rate of $120 per day ($600 per week) straight time for all hours worked and worked between forty-nine (49) and fifty-two (52) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

26. Beginning in or about January 2018 and continuing through in or about December 2018, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid, in cash, at the rate of $130 per day ($650 per week) straight time for all hours worked and worked between forty-nine (49) and fifty-two (52) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

27. Beginning in or about January 2019 and continuing through in or about December 2020, Plaintiff was not paid proper minimum wages and overtime compensation. During this period, Plaintiff was paid, in cash, at the rate of $140 per day ($700 per week) straight time for all hours worked and worked between forty-nine (49) and fifty-two (52) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

28. Beginning in or about January 2021 and continuing through the remainder of his employment on or about December 24, 2021, Plaintiff was not paid proper minimum wages and overtime compensation. During this period, Plaintiff was paid, in cash, at the rate of $150 per day ($750 per week) straight time for all hours worked and worked between forty-nine (49) and fifty-two (52) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

29. Upon paying Plaintiff his cash wages each week, Defendants failed to provide Plaintiff with wage statements setting forth, among other things, Plaintiff's gross wages, any deductions from Plaintiff's gross wages, and Plaintiff's net wages.

30. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff proper minimum wages, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

31. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

32. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff a "spread of hours" premium, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

33. At all relevant times, upon information and belief, and during the course of Plaintiff's employment, Defendants failed to maintain accurate and sufficient wage and hour records.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

34. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "33" of this Complaint as if fully set forth herein.

35. At all relevant times, upon information and belief, EDEN ROSE, CORP. was and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

36. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

37. Upon information and belief, at least during each of the most recent three (3) years relevant to the allegations herein, EDEN ROSE, CORP. has had gross revenues in excess of $500,000.

38. Plaintiff is entitled to be paid at the statutory rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

39. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

40. At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

41. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of overtime compensation would financially injure Plaintiff.

42. As a result of Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages,

hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

43. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

44. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

45. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

46. Plaintiff is entitled to an award of his reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

47. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "46" of this Complaint as if fully set forth herein.

48. At all relevant times, Defendants employed Plaintiff within the meaning of New York Labor Law §§ 2 and 651.

49. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff minimum wages in the lawful amount for hours worked.

50. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates of not less than time and one-half for each hour worked in excess of forty (40) hours in a workweek.

51. Employers are required to pay a "spread of hours" premium of one (1) additional hour's pay at the statutory minimum hourly wage rate for each day where the

spread of hours in an employee's workday exceeds ten (10) hours. New York State Department of Labor Regulations § 142-2.4.

52. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay a "spread of hours" premium to Plaintiff for each day that his work shift exceeded ten (10) hours pursuant to New York State Department of Labor Regulations.

53. Neither at the time of hiring, nor thereafter, did Defendants provide Plaintiff with written notice of his regular hourly rate of pay and corresponding overtime rate of pay, and his regularly designated payday, in contravention of New York Labor Law § 195(1).

54. Defendants failed to furnish Plaintiff with a statement with every payment of wages listing gross wages, deductions, and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations §§ 142-2.7.

55. Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

56. Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 142-2.6.

57. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, unpaid overtime compensation, and unpaid "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198.

58. Plaintiff is also entitled to liquidated damages pursuant to New York Labor Law § 663(1).

## **PRAYER FOR RELEIF**

**WHEREFORE**, Plaintiff, FILADELFO RODRIGUEZ, respectfully requests that this Court grant the following relief:

(a) An award of unpaid minimum wages due under the New York Labor Law;

(b) An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(c) An award of unpaid "spread of hours" premium due under the New York Labor Law;

(d) An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

(e) An award of liquidated damages as a result of Defendants' failure to pay minimum wages, overtime compensation, and "spread of hours" premium pursuant to the New York Labor Law;

(f) An award of statutory damages pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(g) An award of prejudgment and post-judgment interest;

(h) An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and,

(i) Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated: New York, New York
       January 27, 2022

Respectfully submitted,

CILENTI & COOPER, PLLC
*Attorneys for Plaintiff*
200 Park Avenue – 17th Floor
New York, New York 10166
T. (212) 209-3933
F. (212) 209-7102

By: _____
    Giustino (Justin) Cilenti (GC2321)

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, Filadelfo Rodriguez, am an individual currently or formerly employed by Eden Rose Flower Shop and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
       January 11, 2022

X _____
  Filadelfo Rodriguez